FILED

2022 MAR -7 PM 1: 22

CLERK US DISTRICT COURT
MIDDLE DIST OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.: 2:22 cv 146-JLB-NPM

| | |
|---|---|
| WILLIAM THOMAS ) | |
| PLAINTIFF ) | |
| V. ) | Jury Trial Demanded |
| F. BEADLE, her individual ) | |
| Capacity; ) | |
| R. PACE, in her ) | |
| Individual capacity only; ) | |
| R. HOUSTON, his individual ) | |
| Capacity only ) | |
| DEFENDANT ) | |
| _____/ | |

## COMPLAINT

Plaintiff William Thomas brings this action against property staff Beadle in her individual capacity, Security Director R. Houston in his individual capacity, Clinton R. Pace in her individual and official capacity, to enjoin the violation of Plaintiff's First Amendment rights. Wellpath Recovery Solutions is in contract with Department Children and Families (D.C.F) to manage Florida Civil Commitment Center. Employees of Wellpath have denied publications requested to be approved and publications already approved for purchase. Books Inmate

Shopper provides inmates with information regarding several different subjects and Astral Dynamics and Mastering Astral Projection exercise Plaintiff's spirituality and/or treatment. When it was explained its denial, it has relied solely on an unconstitutionally reasons for its decision.

## PARTIES

1. Plaintiff William Thomas, is and was at all times mentioned herein a resident of the custody of Florida Department of Children and Families. He is currently confined in Florida Civil Commitment Center, in Arcadia, Florida.

2. Defendant, F. Beadle is property officer of the Wellpath Recovery Solutions who, at all times mentioned in this complaint, held the rank of property staff and is assigned to Florida Civil Commitment Center.

3. Defendant, R. Pace is Clinician Therapist, employee of the Wellpath Recovery Solutions who, at all times mentioned in this complaint, held the rank of clinical therapist and is assigned to Florida Civil Commitment Center.

4. Defendant, R. Houston is security director, employee of the Wellpath Recovery Solutions who, at all times mentioned in this complaint, held the rank of security director and is assigned to Florida Civil Commitment Center.

5. Defendant, J. Carner is Assistant Facility Administrator, employee of the Wellpath Recovery Solutions who, at all times mentioned in this complaint, held the rank of assistant facility director and is assigned to Florida Civil Commitment Center.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. 1331 and 1343 because this action arises under the U.S. Constitution and under 42 U.S.C. 1983.

7. Venue is proper because "a substantial part of the events or omissions giving rise to the claim" occurred in the Middle District of Florida. 28 U.S.C. 1391.

## FACTS

8. It is the policy of Wellpath that residents must submit a communication form to their clinician to seek approval of any books regardless of the genre.

9. A communication form is a form approved by Wellpath for residents to make any request or seek information.

10. August 2021 plaintiff William Thomas sent a communication form to his clinician seeking approval for Inmate Shopper.

11. August 2021 the books were approved for purchase.

12. Inmate Shopper is a book full of different topics such as services, pen pal, sexy photos, business directory, business ratings news, LGBTQ, and passages to lift a person. **(See Exhibit A)**

13. There are two different books that can be ordered.

14. One book has pen pal content and sexy photos included in the book and another book has pen pal content and sexy photos not included in the book.

15. The reason it has two different books is because institutions has a policy against inmates having pen pals and sexy photos.

16. Even though Wellpath does not have a policy that the plaintiff is aware of about having pen pals Wellpath does have a policy that residents can not have any pictures of nudity, pornography, or children unclothed.

17. January, 2022, resident Sinclair was called to property to receive his books.

18. Defendant Beadle told resident that she would have to review the book even though he showed her the approval via communication form from his clinician to receive the book

19. On January, 2022, William Thomas observed custody officer giving a resident a pink property inventory sheet and walking away with Inmate Shopper.

20. Resident Sinclair told William Thomas that custody officer came to confiscate Inmate Shopper because J. Carner told the custody officer that Sinclair can't have the book.

21. Resident Sinclair told Plaintiff Thomas that he ordered the Inmate Shopper that does not have the pen pal and sexy photos.

22. Resident Sinclair told Plaintiff Thomas that his clinician Ms. Jewett approved Inmate Shopper for purchase.

23. On February 3, 2022, Plaintiff Thomas was called to Defendant Pace's office.

24. Defendant Pace informed Mr. Thomas that Astral Dynamics and Mastering Astral Projection were denied because they are not clinically therapeutic.

25. By a statement from Defendant Pace several residents have tried to get this book approved but it has been denied.

26. Defendant Pace told Mr. Thomas that she had the discretion to deny or approve books.

## COUNT ONE

### Violation of First Amendment Freedom of Speech

27. Paragraphs 1 through 26 are incorporated as if reproduced fully.

28. Defendant Beadle and Houston refusal to allow residents to purchase Inmate Shopper and violates Plaintiff's First Amendment rights regarding freedom of speech.

29. Defendant Pace refusal to allow Plaintiff to purchase Astral Dynamics and Mastering Astral Projection violates Plaintiff's First Amendment rights regarding freedom of speech.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

30. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

31. Compensatory damages in the amount of $1,500 against each defendant

32. Punitive Damages in the amount of $10,000 against Defendant Beadle

33. Nominal damages against each defendants

34. A jury trial on all issues triable by jury

35. Plaintiff's cost in this suit

36. Any additional relief this court deems just, proper, and equitable.

Dated: March 3, 2022

_____

Respectfully Submitted,

William Thomas #5428031
Florida Civil Commitment Center
13619 South East Highway 70
Arcadia, FL 34266

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Arcadia, Florida on March 3, 2022

*[signature]*

William Thomas